

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 27, 1967

Hon. Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. M- 65

Re: Whether Harris County can accept the payment of a fine in a felony case that was transferred from Harris County to Brazos County on a change of venue, under the stated facts.

Dear Sir:

You have requested an opinion of this office on the following question:

"Can Harris County accept the payment of a fine in a felony case that was transferred from Harris County to Brazos County on a change of venue?"

Your letter states that the defendant in question was indicted in Harris County for a felony but the case was subsequently transferred to Brazos County on a change of venue. Upon the trial of the case the defendant was found guilty and a fine was imposed. Later upon arrest in Harris County the defendant paid the fine and it was turned over to the District Clerk of Harris County. The Harris County District Clerk sent the money to the District Clerk of Brazos County, who then sent Trust Fund Warrant for $2,500.00 back to the Harris County District Clerk.

As noted by you, in the memorandum brief accompanying your opinion request, no statutory or case law is found that is directly in point on the above question. However, there are applicable Constitutional and statutory provisions which, in the opinion of this office, control.

The Texas Constitution, Article 16, Section 24, provides as follows:

" The Legislature shall make provision for laying out and working public roads, for the building of bridges, and for utilizing fines, forfeitures and convict labor to all those purposes."

Article 949 of the 1925 Code of Criminal Procedure, now numbered by Vernon's as Article 1006, provides:

- 302 -

" Money collected by an officer upon recognizances,
bail bonds and other obligations recovered upon
in the name of the State under any provision of
this code, and all fines, forfeitures, judgments
and jury fees, collected under any provision of
this code, shall forthwith be paid over by the
officers collecting the same to the county treasurer
of the proper county, after first deducting there-
from the legal fees and commissions for collecting the
same."

Article 1622, Vernon's Civil Statutes, provides:

" When any officer collects money belonging to, and
for the use of, any county, he shall, except where
otherwise provided in this title, forthwith report
the same to the proper county clerk stating fully
from whom collected, the amount collected, the
time when collected, and by virtue of what authority
of process collected. On making such report, such
amount shall be charged to such officer, and he
may discharge himself therefrom by producing the
receipt of the proper county treasurer therefor.'

What the treasurer then does with the money is controlled
by Article 1628, Vernon's Civil Statute, which provides, in part,
as follows:

" The funds received by the county treasurer shall be
classified as follows, and shall be appropriated,
respectively, to the payment of all claims registered
in the first, second and third classes:

" ...

" 2. All money received under any of the provisions of the
road and bridge law, including the penalties recovered from
railroads for failing to repair crossings, and all fines
and forfeitures."

Although Article 42.15, Vernon's Code of Criminal Procedure,
provides, in part, "When the defendant is only fined the judgment
shall be that the State of Texas recover of the defendant the amount
of such fine and all costs of the prosecution", it is the opinion
of this office that such fines, although assessed in the name of
the State of Texas, are payable to the proper officials of the county
where the case was tried and the judgment rendered. Thus, when the
county treasurer of the county in which the judgment was rendered
receives such fine he is directed by Article 1628 as to where to
place the sum received.

There are statutes applicable to other situations which make exception to Articles 1006, 1622, and 1628. One such provision is Article 45.11, Vernon's Code of Criminal Procedure, which provides for payment to the municipal treasury of fines imposed on appeals to the county court from the corporation court. Another such exception is Article 6701d, Section 144, Vernon's Civil Statutes, which makes a partial exception in providing that fines collected for violation of any highway law as set forth in the Uniform Act Regulating Traffic on Highways shall be used by the municipality or the county in which the same are assessed, and to which the same are payable in the construction and maintenance of roads, bridges, and culverts therein, and for the enforcement of the traffic laws regulating the use of the public highways, and to help defray the expense of county traffic officers. Article 912, Vernon's Penal Code, provides that fines imposed for the violation of the laws pertaining to the protection and conservation of wildlife be remitted to the Game, Fish and Oyster Commission, now the Parks and Wildlife Department.

There are other specific exceptions, but transfer of fine money from the county where the cause was tried and judgment rendered to the originating county in change of venue felony cases is not among them. The absence of such specific authority to transfer such funds from Brazos County to Harris County, in this situation, requires the fine money, less commissions, if any, to be delivered to the county treasurer of Brazos County and by him deposited in accordance with the law applicable to felony fines collected as a result of offenses committed, causes tried, and judgment rendered in that county.

It, therefore, follows that this office is of the opinion that Harris County may not accept such funds.

## SUMMARY

Harris County may not accept and retain the payment of a fine assessed in a felony case that was transferred from Harris County to Brazos County on change of venue.

Very truly yours,

CRAWFORD MARTIN
Attorney General of Texas

Prepared by Harold G. Kennedy
Assistant Attorney General

HGK:km

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
W.V. Geppert, Co-Chairman
Robert Owen
Sam Kelley
W.O. Shultz
Howard Fender

STAFF LEGAL ASSISTANT
A.J. Carubbi, Jr.